<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

September 9, 2024

Susan G. Roy
Law Office of Susan G. Roy, LLC
163 Cranbury Road, Suite 101
Princeton Junction, NJ 08550
*Counsel for Plaintiff Eyyup Ensar Mutlu*

Angela Juneau
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Defendants*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

> **Re:** ***Mutlu v. Mayorkas, et al.*,**
> **Civil Action No. 23-22176 (SDW) (SDA)**

Counsel:

Before this Court is Defendants Alejandro Mayorkas, Ur Mendoza Jaddou, and Susan Raufer's (collectively, "Defendants") Motion to Dismiss (D.E. 10 ("Motion")) Plaintiff Eyyup Ensar Mutlu's ("Plaintiff") Complaint (D.E. 1 ("Complaint")) pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6). For the reasons stated herein, Defendant's Motion is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**<u>BACKGROUND & PROCEDURAL HISTORY</u>**

Plaintiff, a Turkish citizen, applied for asylum in the United States in October 2020. (D.E. 1 ¶¶ 2, 27.) To date, Plaintiff's application has not been adjudicated and remains pending with the United States Citizenship and Immigration Services ("USCIS"). Plaintiff initiated this lawsuit against Alejandro Mayorkas, Ur Mendoza Jaddou, and Susan Raufer in their official capacities as Secretary of Homeland Security, Director of USCIS, and Director of USCIS Newark Asylum Office, respectively. Plaintiff brings two claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555 and 706, and one claim under the Mandamus Act, 28 U.S.C. § 1361.

Plaintiff requests, *inter alia*, that this Court (i) order Defendants to schedule an asylum interview within thirty days, and to render a decision on the application within thirty days of the

interview; and (ii) declare that Defendants' delay in scheduling his asylum interview and in adjudicating his asylum application is unlawful. (D.E. 1 at 13.)  Defendants moved to dismiss the Complaint on May 1, 2024, and the parties timely completed briefing. (D.E. 10, 15, 20.)

## STANDARD OF REVIEW

### A.  *Rule 12(b)(1)*

This Court can adjudicate a dispute only if it has subject matter jurisdiction over the asserted claims.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction either facially or factually.  *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron/Temodar Cons. Class Action*  678 F.3d 235, 243 (3d Cir. 2012)).

Defendants have put forth a facial attack to Plaintiff's assertion of subject matter jurisdiction.  (D.E. 10-1 at 19.)  "A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke subject matter jurisdiction of the court because, for example, . . . there is no indication of a diversity of citizenship among the parties."  *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018) (alterations in original) (quoting *Const. Party of Pa.*, 757 F.3d at 358).  In considering a facial attack, a district court employs the familiar standards of Rule 12(b)(6), assuming the veracity of the well-pleaded facts in the complaint and construing them in the light most favorable to the plaintiff.  *Const. Part of Pa.*, 757 F.3d at 358 (citing *Schering Plough*, 678 F.3d at 243); *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022).

### B.  *Rule 12(b)(6)*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  The factual allegations, accepted as true, must be sufficient to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether the allegations in a complaint constitute a "plausible" claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

## DISCUSSION

### A.  *Administrative Procedures Act Claims*

Plaintiff brings two claims under the APA—that Defendants' policy in prioritizing newer applications first is arbitrary and capricious and that Defendants' delay in processing Plaintiff's application has been unreasonably delayed.  For the reasons discussed below, Plaintiff's "arbitrary and capricious" claim is dismissed for lack of subject matter jurisdiction and Plaintiff's "unreasonable delay" claim is dismissed for failure to state a claim.

1. Arbitrary and Capricious

Plaintiff alleges that the USCIS commenced a policy in 2018 of "prioritize[ing] the interview and adjudication of newly filed cases over older cases." (D.E. 1 ¶ 19.)  This change in priority has resulted in a backlog, leading Plaintiff to allege that cases such as Plaintiff's may never be adjudicated without court intervention.  (*Id.* ¶¶ 20–21.)  Plaintiff urges this Court to "hold unlawful and set aside" the last-in-first-out ("LIFO") policy as arbitrary and capricious on the grounds that Defendants "have effectively created a lottery where some applicants arbitrarily receive an interview immediately and have their claims adjudicated within weeks," while "[o]thers, such as Plaintiff, are placed in the backlog indefinitely and likely will not ever be interviewed by USCIS." (*Id.* ¶¶ 41–42.)

The APA "provides for judicial review of 'final agency action,'" *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 247 (3d Cir. 2011) (quoting 5 U.S.C. § 702), and gives courts the authority to set aside such actions that are arbitrary or capricious.  5 U.S.C. § 706(2)(A).  An agency action is final only if "(1) it mark[s] the consummation of the agency's decisionmaking process, and (2) it is one by which rights or obligations have been determined or from which legal consequences will flow." *Logic Tech. Dev. LLC v. FDA*, 84 F.4th 537, 551 (3d Cir. 2023) (citing *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)).  Plaintiff's claim fails on the second prong as neither his rights nor his obligations are determined by the USCIS's preferred policy for scheduling asylum interviews.  The criteria for determining whether Plaintiff is entitled to asylum remains the same, and LIFO merely guides the USCIS in scheduling these interviews.

Because there has been no "final agency action," Plaintiff's "arbitrary and capricious" claim under the APA is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  *See Naik v. Dir. United States Citizenship & Immigr. Servs. Vt.*, 575 Fed. App'x. 88, 92 (3d Cir. 2014).

2. Unreasonable Delay

Plaintiff alleges that Defendants have failed to adjudicate his asylum application in a reasonably timely matter, as required by the APA. (D.E. 1 ¶ 38.)  Defendants argue that Plaintiff has failed to state a viable claim under the APA since "a delay in deciding an asylum case cannot be considered unreasonable if immediate action would merely move one applicant in front of others, without net gain to the system." (D.E. 10-1 at 29.)

The APA provides that courts shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  There are four factors in the Third Circuit to determine whether agency action has been "unreasonably delayed":

> First, the court should ascertain the length of time that has elapsed since the agency came under a duty to act.  Second, the reasonableness of the delay should be judged in the context of the statute authorizing the agency's action.  Third, the court should assess the consequences of the agency's delay.  Fourth, the court should consider any plea of administrative error, administrative inconvenience, practical difficulty

in carrying out a legislative mandate, or need to prioritize in the face of limited resources.

*Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin.*, 145 F.3d 120, 123 (3d Cir. 1998) (citations omitted).[1]  These factors each weigh in favor of Defendants and will each be addressed in turn.

Plaintiff filed his asylum application in October 2020, meaning it has been pending for nearly four years. (D.E. 1 ¶ 27.)  Plaintiff notes the INA's instruction that an initial interview shall be scheduled within forty-five days and an adjudication issued within 180 days absent extraordinary circumstances.  (*Id.* at ¶ 36 (citing 8 U.S.C. § 1158(d).)  However, the Supreme Court has held that the passage of time is not sufficient on its own to support a claim that agency action has been unreasonably delayed.  *See Immigr. & Naturalization Servs. v. Miranda*, 459 U.S. 14, 18–19 (1982).  Four years is within the range of time that courts have found to be reasonable in taking action.  *See Jamoussian v. Blinken*, No. 21-10980, 2022 WL 538424, at *2 (D.N.J. Feb. 23, 2022) (collecting cases to show that "[t]he case law, without drawing any bright lines, has found that delays of three to five years are not unreasonable.")  As such, the first factor weighs in favor of Defendants.

This Court next looks to the reasonableness of the delay in the context of the statute authorizing the agency's action.  *Oil, Chem.*, 145 F.3d at 123.  Plaintiff is correct that the INA details a timeline for asylum applications but, as will be discussed further below, Congress explicitly withheld any substantive or procedural right to enforce the timeline.  8 U.S.C. § 1158(d)(7).  Because these timing requirements are not mandatory, this second factor favors Defendants.

Third, this Court analyzes the consequences of the delay.  *Oil, Chem.*, 145 F.3d at 123. Certainly, this Court appreciates Plaintiff's frustration arising from his wait.  Unfortunately, as other courts have recognized, "the painful consequences of [] delay are inherent in our immigration system."  *Azam v. Bitter*, No. 23-4137, 2024 WL 912516, at *10 (D.N.J. Mar. 4, 2024).  If this Court were to order the relief that Plaintiff seeks, it would merely result in Plaintiff bypassing another individual who has been waiting for an interview, and this Court may not "compel agency action where the result would be merely to expedite the consideration of a plaintiff's request ahead of others." *Id.*  To hold otherwise "might have the perverse effect of incentiviz[ing] defendants to prioritize those asylum applicants who have the wherewithal to retain private counsel and to bring suit in District Court."  *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. Jan. 16, 2020) (alteration in original) (internal quotation marks and citation omitted).  As Defendants note, (D.E. 10-1 at 35), any consequences facing Plaintiff are also significantly reduced insofar as he is permitted to live in the United States and apply for work authorization during the pendency of his application process.  *See* 8 U.S.C. § 1158(d)(2); 8 C.F.R. § 208.7(a)-(b).  Accordingly, this Court concludes that the third *Oil, Chem* factor weighs in favor of Defendants.

---

[1] Plaintiff contends that it is inappropriate for this Court to conduct this analysis on a motion to dismiss prior to discovery. (D.E. 15 at 21.)  However, this Court finds that the record alleged in the Complaint is sufficient to decide this matter at the motion to dismiss stage.  *See Jamoussian v. Blinken*, No. 21-10980, 2022 WL 538424, at *2–4 (D.N.J. Feb. 23, 2022) (applying the *Oil, Chem* factors and granting motion to dismiss).

Lastly, this Court considers "any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources." *Oil, Chem.*, 145 F.3d at 123. Plaintiff has not alleged that the delay in adjudicating his asylum application can be attributed to anything aside from limited resources resulting in a backlog of cases. While Plaintiff does reference Defendants' budget allocations, (D.E. 15 at 27), there is no allegation that Defendants presently have the capacity to interview Plaintiff but refuse to do so.

Having considered each of the factors elucidated by the Third Circuit in *Oil, Chem.*, this Court concludes that Plaintiff has failed to state a claim under the APA that the adjudication is unreasonably delayed. Defendants' motion to dismiss Plaintiff's "unreasonable delay" claim under the APA is granted pursuant to Rule 12(b)(6).

B. *Mandamus Act Claim*

Plaintiff's claim pursuant to the Mandamus Act seeks an order compelling Defendants to discharge what Plaintiff claims to be a non-discretionary duty to adjudicate Plaintiff's asylum application. The Mandamus Act provides in relevant part that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is "an extreme remedy that is invoked only in extraordinary circumstances." *In re Thornton*, No. 24-1941, 2024 WL 3594361, at *1 (3d Cir. July 31, 2024). To qualify for mandamus relief, a petitioner must satisfy three requirements: "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Temple Univ. Hosp. v. Sec'y United States Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021). These requirements have been interpreted by the Third Circuit to be jurisdictional in nature. *Id.*; *see also Soobzokov v. Att'y Gen. of the U.S.*, 515 F. App'x 98, 101 (3d Cir. 2013).

Here, Plaintiff alleges that "Defendants are under a nondiscretionary duty to adjudicate Plaintiff's asylum application, and to do so within a reasonable period of time." (D.E. 1 ¶ 46.) Certainly, provisions of the INA direct the government to schedule an initial interview within forty-five days of an asylum application and to render a final decision within 180 days, "in the absence of exceptional circumstances." 8 U.S.C. § 1158(d)(5)(A)(ii)-(iii). Importantly, however, § 1158(d)(7) explicitly provides that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). Because Plaintiff is barred from claiming any legally enforceable right to have his application adjudicated within the statutory timeframe, it follows that Plaintiff cannot establish "a clear and indisputable right to relief" sufficient to confer subject matter jurisdiction upon this Court. *See Ahmad v. U.S. Citizenship & Immigr. Servs.*, No. 23-3332, 2024 WL 3272832, at *4 (D.N.J. July 2, 2024) (collecting cases). This Court also lacks subject matter jurisdiction because an adequate alternative remedy exists—namely, Plaintiff's claims under the APA. As other courts have consistently held, this alternative remedy under the APA precludes a finding of subject matter jurisdiction over the mandamus claim, even if the APA claims themselves are not adequately pled. *See id.*

Accordingly, because Plaintiff has shown neither a right to relief nor a lack of alternative remedy, Plaintiff's claim under the Mandamus Act is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.  An appropriate order follows.


_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**


Orig:   Clerk
cc:      Stacey D. Adams, U.S.M.J.
         Parties

6